## Scott v. Government Employees Insurance Company

Anton H. Rosenthal, for plaintiff.
David M. McCormick, for defendant.

DI BONA, *J.*, August 9, 1983 — The instant matter is before the court on defendant's motion for summary judgment with respect to plaintiff's complaint for no-fault benefits. Since the parties have agreed on all the material facts and since plaintiff's complaint stands or falls solely on the proper interpretation of a statute, the matter is clearly ripe for summary judgment. See, Pa. R.C.P. 1035.

Plaintiff contends that when an uninsured Pennsylvania resident is injured outside this Commonwealth while riding in a motor vehicle, he or she may collect Pennsylvania no-fault benefits from the vehicle's insurer, notwithstanding the facts that the vehicle was not operated or registered in Pennsylvania, was not secured by an insurance policy issued in Pennsylvania, and was not owned by a resident of Pennsylvania.

This court agrees with defendant that no such bizarre entitlement exists under the Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, §101 et seq, 40 P.S. §1009.101 et seq (No-fault Act). Indeed, defendant correctly observes that the No-fault Act clearly and expressly dispels plaintiff's argument.

The relevant facts are as follows. Plaintiff, an uninsured Pennsylvania resident, was involved in an accident on August 6, 1979, in Washington, D.C., which apparently does not have a no-fault system. The driver of the motor vehicle that plaintiff was riding in: (1) resided in Washington, D.C.; (2) had registered the vehicle in Washington, D.C.; and (3) had insured the vehicle under a policy of insurance issued in Washington, D.C.

The No-fault Act, at 40 P.S. §1009.201(b), states:

*"Accident outside this State.*—If the accident resulting in injury occurs outside of this Commonwealth, a victim or a survivor of a deceased victim is entitled to receive basic loss benefits if such victim was or is:

(1) an insured; or

(2) the driver or other occupant of a secured vehicle."

Since plaintiff concedes that she was not an "insured," she may not recover No-fault Act benefits unless she was riding in a "secured vehicle."

The No-fault Act defines a "secured vehicle" as, "a motor vehicle for which security is provided in accordance with section 104 of this act." 40 P.S. §1009.103. Section 104 states in relevant part:

"(a) *Security covering a motor vehicles.*—Every owner of a motor vehicle which is registered or which is operated in this Commonwealth by the owner or with his permission, shall continuously provide security covering such motor vehicle while such vehicle is either present or registered in the Commonwealth. . . ." Id. §1009.104(a).

Since the instant vehicle was registered, operated and insured in Washington, D.C., it clearly is not a "secured vehicle" under the No-fault Act, and plaintiff may not recover No-fault Act benefits from the vehicle's insurer.

Plaintiff's arguments to the contrary are frivolous, and the cases and portions of the No-fault Act that plaintiff relies on are inapplicable.

Plaintiff laments that the result reached here, denial of any no-fault benefits, violates "all senses of justice and fairness," however, we believe that the statute compels the only just and fair result.* It certainly would not serve justice or fairness for Pennsylvania to dictate to insurance companies all across the country that they subject themselves to the obligations of our No-fault Act anytime and anywhere a Pennsylvania resident happens to step into a vehicle that they insure, without regard to any other factors. It must also be obvious that no state in the union could constitutionally impose its will on its sister states in such a fashion.

---

* We also note that plaintiff's situation is by no means unique. See, e.g., Lyngarkos v. Commonwealth, 57 Pa. Commw. 121, 426 A.2d 1195 (1981); Smith v. Pennsylvania Assigned Claims Plan, 24 D.&C. 3d 2 (1982).

For the reason that the No-fault Act clearly does not attempt any such exercise of power, defendant is entitled to summary judgment with respect to plaintiff's complaint. This decision does not affect defendant's counterclaim for attorney fees pursuant to 40 P.S. §1009.107(2) since defendant did not address its counterclaim in the motion. An appropriate order will be entered.

ORDER

And now, this August 9, 1983, after consideration of the motion for summary judgment of defendant, Government Employees Insurance Company, it is hereby ordered and decreed that summary judgment is entered in favor of defendant and against plaintiff on plaintiff's complaint for no-fault benefits.

This order does not affect defendant's counterclaim.